Yes.UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Shawn McNally, | Civ. No. 16-4084 (PAM/KMM) |
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| United States of America, | |
| Defendant. | |

This matter is before the Court on Defendant's Motion to Dismiss or, in the alternative, for Summary Judgment. For the following reasons, the Motion is granted.

**BACKGROUND**

On Monday, January 20, 2014, Plaintiff Shawn McNally stopped by the Post Office in St. Francis, Minnesota, apparently not realizing that it was closed for observance of the Martin Luther King, Jr., holiday. (Marentette Decl. (Docket No. 46) Ex. A (McNally Dep.) at 18-21.) As she approached the front door, she slipped on ice and fell, hitting the back of her head on the sidewalk. (Id. at 24.) She lost consciousness and she claims to have suffered a traumatic brain injury and an aneurism as a result of her fall.

After exhausting her administrative remedies, she brought this lawsuit for negligence under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346 et seq. The Government now moves to dismiss, claiming that the Court lacks subject-matter jurisdiction over McNally's claims. In the alternative, the Government argues that

summary judgment is appropriate because there was no breach of a duty and McNally's negligence claim therefore fails.

**DISCUSSION**

The FTCA operates to waive the federal government's sovereign immunity for certain tort claims. This waiver, however, is not absolute, and as relevant here, is subject to a discretionary function exception. 28 U.S.C. § 2680(a).

To determine whether the exception applies, the Court first examines whether the suit concerns "acts that involve an element of judgment or choice"; in other words, "acts that are discretionary in nature." Compart's Boar Store, Inc. v. United States, 829 F.3d 600, 604 (8th Cir. 2016) (quotation omitted). The Court must then determine "whether the government acted or based its decision on considerations of public policy." Id. (quotation omitted).

> Determining whether the discretionary function exception applies is not a fact-intensive exercise, as the court will only look to the nature of the challenged decision in an objective, or general sense, and ask whether that decision is one which we would expect inherently to be grounded in considerations of policy.

Chang-Williams v. Dep't of the Navy, 766 F. Supp. 2d 604, 617 (D. Md. 2011). McNally bears the burden to establish that the discretionary function exception does not apply.

The Government argues that the Postmaster's duty to clear the walks on federal holidays is a quintessential discretionary function. The Postal Service's Supervisor's Safety Handbook provides that the Postmaster "must establish snow and ice removal plans where necessary" and "[p]rovide for reinspection and cleaning as often as

2

necessary." (Marentette Decl. (Docket No. 46) Ex. F (Handbook EL-801, Supervisor's Safety Handbook) § 8-15.2.) According to the Government, these policies vest the Postmaster with substantial discretion regarding snow and ice removal, especially when the post office is closed. The St. Francis Postmaster testified that he had a snow removal plan that provides for a contractor to clear the parking lot and walks, and for the Postmaster or other employees to check the sidewalks throughout the day and shovel or apply deicer if necessary. (Id. Ex. C (Wolfgram Dep.) at 35, 37, 39.) The contractor clears the lot and walks whether the post office is open or closed, but the Postmaster does not remove snow or ice from the walks or require other employees to do so on days the post office is closed. (Id. at 57, 63.)

McNally argues that the discretionary function exception does not apply because the St. Francis Postmaster has a non-discretionary duty to establish a policy regarding snow and ice removal. She contends that no such policy existed at the St. Francis post office. But her contention is belied by the Postmaster's testimony. The Postmaster's snow-removal policy was that the walkways would not be cleared on federal holidays, and McNally points to no authority that a post office must clear its sidewalks on days it is closed. The decision regarding holiday shoveling is within the Postmaster's discretion for purposes of the first step of the discretionary-function analysis.

And the Postmaster's decision regarding holiday snow removal is certainly "susceptible to policy analysis" for purposes of the second discretionary-function test. United States v. Gaubert, 499 U.S. 315, 325 (1991). The Court must "presume[] that the [Post Office's] acts are grounded in policy when exercising [its] discretion." Id. at 324.

3

The St. Francis Postmaster must balance the small staff, his budget, and other considerations when determining whether to remove snow and ice on federal holidays. See Stephenson v. United States, No. 1:16cv11979, 2017 WL 5760451, at *5 (S.D. W. Va. Nov. 28, 2017) (determining that there are "a number of rational public policy reasons for the Postmaster's decisions regarding snow removal on holidays"). Thus, the Postmaster's snow-removal decision is policy-based and is immune from challenge on that basis.

McNally's claims are barred by the discretionary function exception to the FTCA. The Court therefore lacks subject-matter jurisdiction over this matter and it must be dismissed. Having determined that there is no jurisdiction, the Court need not address the Government's alternative argument regarding the substantive merits of McNally's negligence claim.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED that** Defendant's Motion to Dismiss (Docket No. 44) is **GRANTED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  May 29, 2018

                                        *s/ Paul A. Magnuson*
                                        Paul A. Magnuson
                                        United States District Court Judge